NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LONE STAR TECHNOLOGICAL INNOVATIONS, LLC,**
*Plaintiff-Appellee*

**v.**

**ASUS COMPUTER INTERNATIONAL,**
*Defendant*

**ASUSTEK COMPUTER, INC.,**
*Defendant-Appellant*

_____

2022-1769, 2022-2261

_____

Appeals from the United States District Court for the Eastern District of Texas in No. 6:19-cv-00059-RWS, Judge Robert Schroeder, III.

_____

Decided:  December 20, 2024

_____

JENNIFER ISHIMOTO, Banie & Ishimoto LLP, Palo Alto, CA, argued for plaintiff-appellee.

VINAY VIJAY JOSHI, Amin Turocy & Watson, LLP, San Jose, CA, argued for defendant-appellant.  Also represented by ANDREW TIMOTHY OLIVER.

---

Before DYK, CHEN, and CUNNINGHAM, *Circuit Judges*.

CHEN, *Circuit Judge*.

Lone Star Technological Innovations, LLC, (Lone Star) sued Asus Computer International and AsusTek Computer, Inc., (collectively, Asus) in the Eastern District of Texas, alleging Asus induced its customers to infringe certain claims of U.S. Patent No. 6,724,435 ('435 patent). A jury found the asserted claims were infringed and not proven to be invalid and awarded damages of $825,000. The district court ordered a new trial on damages, and the jury found that Asus owed $659,106.40. The district court denied Asus's motions for judgment as a matter of law. Asus appeals, and we have jurisdiction under 28 U.S.C. § 1295(a)(1). We address each of Asus's arguments in turn, and none is persuasive. We therefore *affirm*.

First, Asus argues that Lone Star lacks standing because, at trial, Lone Star failed to prove with written evidence that it owned the '435 patent. We interpret this argument as a statutory standing argument. *See* 35 U.S.C. § 261; *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019) ("whether a party possesses all substantial rights in a patent does not implicate [Article III] standing").

Asus's statutory standing argument is forfeited. Standing was not raised as an issue in the Joint Pretrial Order. "It goes without saying that a pre-trial order controls the scope and course of trial; a claim or issue not included in the order is waived, unless presented at trial without objection." *Arsement v. Spinnaker Expl. Co.*, 400 F.3d 238, 245 (5th Cir. 2005).

To the extent Asus raises an Article III standing challenge, that argument "cannot be waived or forfeited." *Virginia House of Delegates v. Bethune-Hill*, 587 U.S. 658,

662–63 (2019). Lone Star's witness, Mr. Rice, testified under oath at trial that Lone Star owns the '435 patent. Asus never controverted that testimony, so on the facts of this case, Lone Star has satisfied Article III standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("And at the final stage, those facts [to establish standing] (if controverted) must be 'supported adequately by the evidence adduced at trial.'" (citation omitted)).

Second, Asus asks us to reduce or vacate the damages award because there was no evidence about the extent of use of the infringing feature. But Asus's own expert witness provided survey testimony that 16.2% of all survey responders indicated that they practiced the claimed method using Asus's products. We thus reject Asus's argument.

Third, Asus contends that the damages award included non-accused products. This argument is also meritless. During discovery, Asus produced a spreadsheet in response to interrogatories seeking sales information regarding accused products. Both sides' expert witnesses on damages relied on that spreadsheet to calculate damages. More specifically, both experts used the same royalty base (i.e., the number of infringing products), which came from Asus's spreadsheet. Thus, the experts agreed on the number of accused products. These facts comport with the district court's determination that Lone Star did not request damages for non-accused products and with Lone Star's expert's testimony that all products on the spreadsheet were infringed.

Fourth, Asus argues that the district court construed the claim term "individual color" inconsistently within the claims. The court, however, provided only one construction for "individual color" to the jury, and that construction was the construction that Asus proposed. Thus, the jury was given only one, consistent construction for the claim term "individual color."

Asus raises another variant of its claim construction argument: even though one claim construction was provided to the jury, there was "a secret construction that bound" the parties and their witnesses. Appellant's Reply Br. 37. It would be a misnomer to refer to this argument as raising a claim construction issue because Asus agrees that the construction provided to the jury "is correct." Appellant's Br. 63. Rather, Asus appears to be challenging the effect that the "secret construction" may have had on the presentation of the evidence. But even if we accept that a "secret construction" bound the parties, Asus has not raised any meaningful argument showing how it was harmed by the purported "secret construction." Asserting, without more, that the alleged error is "not harmless, because it directly affects the infringement verdict" is simply too skeletal of an argument. Appellant's Br. 72.

Fifth, Asus argues that substantial evidence does not support the jury's finding of infringement. Asus challenges only claim limitation 1(e). This argument is forfeited because it was not raised in Asus's Rule 50(b) brief before the district court.

Last, Asus contends that substantial evidence does not support the jury's finding of induced infringement. "[W]e have affirmed induced infringement verdicts based on circumstantial evidence of inducement (e.g., advertisements, user manuals) directed to a class of direct infringers (e.g., customers, end users) without requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that material." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1335 (Fed. Cir. 2016). Lone Star adduced evidence of how Asus's website and product manuals instruct users how to perform the infringing method. That evidence is sufficient to support the jury's finding.

LONE STAR TECHNOLOGICAL INNOVATIONS, LLC v.                    5
ASUS COMPUTER INTERNATIONAL

We have considered Asus's remaining arguments and do not find them persuasive. For the foregoing reasons, we *affirm*.

**AFFIRMED**